IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| RANDY TROTTER | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:18cv545 |
| DIRECTOR, TDCJ-CID | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner Randy Trotter, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Petitioner challenged a disciplinary case he received for possession of a cell phone. He stated the punishment imposed against him was denial of parole, 45 days of recreation, commissary, cell and telephone restrictions, and reduction in his custodial and classification status. He did not lose any good time.

After review of the pleadings, the Magistrate Judge issued a Report and Recommendation (Docket No. 6) that the petition be dismissed. The Magistrate Judge cited *Sandin v. Conner*, 515 U.S. 472, 484 (1995) in concluding Petitioner did not show the deprivation of a constitutionally protected liberty interest. Because there was no deprivation of a liberty interest, the Magistrate Judge found that Petitioner could not obtain federal habeas corpus relief.

In his objections, Petitioner argues that while he did not lose any good time, his right to release on mandatory supervision was nonetheless affected because his change in classification

status delayed his mandatory supervision date. Docket No. 12. Hence, Petitioner contends that the loss of classification status was similar to the loss of good time and implicated a protected liberty interest.

The Fifth Circuit has held that the timing of a prisoner's release to mandatory supervision is too speculative to afford the prisoner a constitutionally cognizable claim to the right to a particular time-earning status. *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). Thus, a delay in mandatory supervision eligibility, apart from the loss of good time credits, does not implicate a protected liberty interest. *See Brazzeal v. Dretke*, Civil Action No. 4:06-cv-112, 2006 WL 197034 (S.D. Tex., Jan. 20, 2004) (reduction in custodial classification resulting in a delay to release on mandatory supervision did not implicate a protected liberty interest); *accord*, *Wiley v. Director, TDCJ-CID*, Civil Action No. 9:08-cv-88, 2008 WL 4542884 (E.D. Tex., Oct. 7, 2008) (reduction in good time earning status and the loss of opportunity to earn good time did not implicate a protected liberty interest). Petitioner has no protected liberty interest in his classification status. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). Because Petitioner has not shown an infringement of any constitutionally protected liberty interests, his objections are without merit. *Teague v. Quarterman*, 482 F.3d 769, 773 (5th Cir. 2007); *Richardson v. Joslin*, 501 F.3d 415, 419 (5th Cir. 2007).

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections (Docket No. 12) are **OVERRULED** and the Report of the Magistrate Judge (Docket No. 6) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner Randy Trotter is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED.**

 **SIGNED this 19th day of November, 2018.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE